UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| GRANVILLE WILLIAM SMITH, IV, | No. 2:18-cv-2212 JAM AC P |
|---|---|
| Petitioner, | |
| v. | ORDER |
| PEOPLE OF THE STATE OF CALIFORNIA, | |
| Respondent. | |

Petitioner, a state prisoner proceeding pro se, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, together with a request to proceed in forma pauperis.

Examination of the affidavit reveals petitioner is unable to afford the costs of this action. Accordingly, leave to proceed in forma pauperis is granted. 28 U.S.C. § 1915(a).

The petition purports to challenge petitioner's 1996 conviction for robbery, which resulted in a suspended sentence and a five-year term of formal probation. ECF No. 1 at 1, 51, 63. Under 28 U.S.C. § 2254(a), a federal court "shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or the laws or treaties of the United States." The Supreme Court has interpreted § 2254 as requiring that the habeas petitioner be "'in custody' under the conviction or sentence under attack at the time his petition is filed." Maleng v. Cook,

490 U.S. 488, 490-91 (1989) (per curiam) (citation omitted). The custody requirement of § 2254 is jurisdictional. Williamson v. Gregoire, 151 F.3d 1180, 1182 (9th Cir. 1998) (citation omitted).

Petitioner is clearly no longer in custody for his 1996 conviction, and the court therefore does not have jurisdiction to entertain a habeas petition directly challenging that conviction. However, it appears that petitioner may be attempting to challenge a more recent conviction, on the ground that his 1996 prior conviction was not sufficiently proven that it could be used to enhance his sentence. ECF No. 1 at 13, 15, 21-24. Because petitioner may be attempting to challenge the enhanced conviction for which he is currently in custody, a matter over which this court could have jurisdiction, he will be given leave to amend the petition.

An amended petition must clarify the nature of the claim. It is not clear to the court whether petitioner is contesting the validity of the 1996 conviction itself, or whether he is alleging that there was insufficient evidence presented in the second case to prove that the 1996 conviction existed and thus could support an enhancement. The difference is important. To the extent petitioner is attempting to challenge the validity of his 1996 conviction, he is advised that the Supreme Court has held that "once a state conviction is no longer open to direct or collateral attack in its own right because the defendant failed to pursue those remedies while they were available (or because the defendant did so unsuccessfully), the conviction may be regarded as conclusively valid." Lackawanna Cty. Dist. Attorney v. Coss, 532 U.S. 394, 403 (2001) (citation omitted). This means that, in general, a sentence enhanced because of a prior conviction cannot be challenged on grounds that the prior conviction was unconstitutional. The only exception recognized by the Supreme Court applies when "the prior conviction used to enhance the sentence was obtained where there was a failure to appoint counsel in violation of the Sixth Amendment, as set forth in Gideon v. Wainwright, 372 U.S. 335 (1963)." Lackawanna, 532 U.S. at 404. The record in this case establishes that petitioner was represented by counsel in relation to his 1996 plea. See ECF No. 1 at 63. Accordingly, this exception does not apply.

The Court of Appeals for the Ninth Circuit has recognized one other exception, based on the reasoning of the Lackawanna Court:

////

> when a defendant cannot be faulted for failing to obtain timely review of a constitutional challenge to an expired prior conviction, and that conviction is used to enhance his sentence for a later offense, he may challenge the enhanced sentence under § 2254 on the ground that the prior conviction was unconstitutionally obtained.

Durbin v. People of California, 720 F.3d 1095, 1099 (9th Cir. 2013).

If petitioner is attempting to challenge a sentence in a subsequent case that was enhanced based on his 1996 conviction, the amended petition needs to include information about the subsequent conviction and enhanced sentence. It also needs to make clear whether petitioner is challenging the validity of the 1996 conviction or whether he is claiming that existence of the 1996 conviction was not sufficiently proven in the second case. Finally, if he is attempting to challenge the validity of the 1996 conviction, he must allege facts that show he was prevented from presenting his claims to the state court. Failure to provide the required information will likely result in a recommendation that the petition be dismissed.

Therefore, IT IS HEREBY ORDERED that:

1. Petitioner's motion to proceed in forma pauperis (ECF No. 9) is granted.

2. The application for writ of habeas corpus is dismissed with leave to amend. Petitioner may file an amended petition within thirty days from the service of this order. Any amended petition must bear the case number assigned to this action and the title "Amended Petition."

3. The Clerk of the Court is directed to send petitioner the court's form for application for writ of habeas corpus.

DATED: October 15, 2018

_/s/ Allison Claire_
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

3