UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GRANVILLE WILLIAM SMITH, IV,<br><br>Petitioner,<br><br>v.<br><br>PEOPLE OF THE STATE OF CALIFORNIA,<br><br>Respondent. | No. 2:18-cv-2212 JAM AC P<br><br><br><br>FINDINGS AND RECOMMENDATIONS |

Petitioner is a state prisoner proceeding pro se on a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

I. Procedural History

By order filed October 15, 2018, the undersigned screened the petition and dismissed it with leave to amend. ECF No. 10. Petitioner has now filed an amended petition for writ of habeas corpus that challenges his 1996 conviction for robbery, which was used to enhance his current sentence. ECF No. 14.

In dismissing the original petition with leave to amend, the court found that it was unclear "whether petitioner is contesting the validity of the 1996 conviction itself, or whether he is alleging that there was insufficient evidence presented in the second case to prove that the 1996 conviction existed and thus could support an enhancement." ECF No. 10 at 2. The court then

explained the two exceptions that would allow petitioner to challenge the validity of his 1996 conviction. Id. at 2-3. Petitioner was further advised that if he was attempting to challenge the enhancement of his current sentence based on the 1996 conviction, then he would need to provide information about the subsequent conviction and enhanced sentence.

II. Amended Petition

In the amended petition, petitioner asserts four grounds for relief. Ground One claims that there was insufficient proof of his 1996 conviction to support a sentencing enhancement. ECF No. 14 at 4, 8. In Ground Two, he claims that his 1996 conviction was unconstitutional. Id. at 4. Ground Three alleges ineffective assistance of counsel related to the 1996 guilty plea. Id. at 5. Finally, Ground Four claims that plaintiff did not have advisement of counsel for his 1996 plea and the conviction was therefore improperly used to enhance his current sentence. Id.

Rule 4 of the Habeas Rules Governing Section 2254 Cases requires the court to summarily dismiss a habeas petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." As set forth below, the amended petition fails to state a cognizable claim for relief and the undersigned will recommend that it be dismissed.

As with the original petition, petitioner is attempting to challenge his 1996 conviction for robbery, for which he is clearly no longer in custody.[1] ECF No. 14 at 1, 58. Under 28 U.S.C. § 2254(a), a federal court "shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or the laws or treaties of the United States." The Supreme Court has interpreted § 2254 as requiring that the habeas petitioner be "'in custody' under the conviction or sentence under attack at the time his petition is filed." Maleng v. Cook, 490 U.S. 488, 490-91 (1989) (per curiam) (citation omitted). The custody requirement of § 2254 is jurisdictional. Williamson v. Gregoire, 151 F.3d 1180, 1182 (9th Cir. 1998) (citation omitted).

---

[1] Petitioner was given a suspended sentence and five years of formal probation. ECF No. 14 at 58.

Accordingly, to the extent any of petitioner's claims are attempts to directly challenge his 1996 conviction, they fail to state a claim for relief because petitioner is no longer in custody for that sentence.

Additionally, as petitioner was previously advised, the Supreme Court has held that "once a state conviction is no longer open to direct or collateral attack in its own right because the defendant failed to pursue those remedies while they were available (or because the defendant did so unsuccessfully), the conviction may be regarded as conclusively valid." <u>Lackawanna Cty. Dist. Attorney v. Coss</u>, 532 U.S. 394, 403 (2001) (citation omitted). This means that, in general, a sentence enhanced because of a prior conviction cannot be challenged on grounds that the prior conviction was unconstitutional. The only exception recognized by the Supreme Court applies when "the prior conviction used to enhance the sentence was obtained where there was a failure to appoint counsel in violation of the Sixth Amendment, as set forth in <u>Gideon v. Wainwright</u>, 372 U.S. 335 (1963)." <u>Lackawanna</u>, 532 U.S. at 404. Contrary to petitioner's assertion in Ground Four, the record in this case establishes that petitioner was represented by counsel in relation to his 1996 plea (ECF No. 14 at 58), so this exception does not apply.

The Court of Appeals for the Ninth Circuit has recognized one other exception, based on the reasoning of the <u>Lackawanna</u> Court:

> when a defendant cannot be faulted for failing to obtain timely review of a constitutional challenge to an expired prior conviction, and that conviction is used to enhance his sentence for a later offense, he may challenge the enhanced sentence under § 2254 on the ground that the prior conviction was unconstitutionally obtained.

<u>Durbin v. People of California</u>, 720 F.3d 1095, 1099 (9th Cir. 2013). Petitioner was advised that in order to state a claim under this exception, he "must allege facts that show he was prevented from presenting his claims to the state court." ECF No. 10 at 3. There are no facts to show that petitioner was unable to file a timely challenge to his 1996 conviction. ECF No. 14.

For these reasons, Grounds Two, Three, and Four, which challenge the validity of the 1996 conviction, must be dismissed.

////

With respect to Ground One, petitioner argues that his current sentence was unconstitutionally enhanced by his 1996 conviction because he does not have a prior strike conviction for robbery,[2] that his robbery conviction is not a strikable offense, and that there are no records of his prior strike conviction. ECF No. 14 at 4. As an initial matter, despite the court's explicit instruction that petitioner needed to provide information about the subsequent conviction and enhanced sentence, he has failed to do so. However, he does reference a transcript from Case No. 11F00125 (id. at 4, 9-10), an excerpt of which is attached (id. at 63-74), that appears to be the case in which he received an enhanced sentence based in part on the 1996 conviction.

The basis of Ground One appears to be that the court's transcripts from petitioner's 1996 conviction have been purged, leaving the court to rely upon insufficient "non-judicial" records as proof of his conviction for robbery. Id. at 4, 8-9. Although the transcript from Case No. 11F00125 does indicate that the transcripts from his 1996 criminal case were unable to be located (id. at 72), it also states that a certified copy of petitioner's prior robbery conviction was available, as well as a plea agreement from another case in which petitioner admitted to the 1996 conviction (id. at 67, 70-71). The certified conviction package included a copy of a minute order that stated the plea was for a violation of § 211 and indicated that petitioner had been given the appropriate advisements. Id. at 70. Accordingly, petitioner's claim that there was insufficient evidence of his prior conviction fails.

To the extent petitioner argues that a conviction for robbery is not a "strikable offense" that can be used to enhance a subsequent conviction, not only is robbery explicitly defined as a "serious felony" under California's sentence enhancement provisions, Cal. Penal Code §§ 1192.7(c)(1), 667(a)(4); 1170.12(b)(1), but that is a question of state law and not cognizable in federal habeas, Estelle v. McGuire, 502 U.S. 62, 67-68 (1991) ("[I]t is not the province of a

---

[2] Although petitioner identifies his prior conviction as one for "burglary (PC 211)" (ECF No. 14 at 8), California Penal Code § 211 defines robbery, not burglary, and the attachments provided establish that he was convicted of violating § 211 (id. at 14, 23, 58, 82). The distinction is important because robbery of any degree is defined as a "serious felony" for purposes of the sentencing enhancement laws, while burglary is only a serious felony if it is of the first degree. Cal. Penal Code §§ 1192.7(c)(1), 667(a)(4); 1170.12(b)(1).

federal habeas court to reexamine state-court determinations on state-law questions."); Miller v. Vasquez, 868 F.2d 1116, 1118-19 (9th Cir. 1989) ("Whether assault with a deadly weapon qualifies as a 'serious felony' under California's sentence enhancement provisions is a question of state sentencing law.").

For these reasons, Ground One of the petition should be dismissed.

III.     Certificate of Appealability

Pursuant to Rule 11 of the Federal Rules Governing Section 2254 Cases, this court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. A certificate of appealability may issue only "if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

For the reasons set forth in these findings and recommendations, a substantial showing of the denial of a constitutional right has not been made in this case. Therefore, no certificate of appealability should issue.

Accordingly, IT IS HEREBY RECOMMENDED that:

1. The amended application for writ of habeas corpus be dismissed.

2. This court decline to issue the certificate of appealability referenced in 28 U.S.C. § 2253.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty-one days after being served with these findings and recommendations, petitioner may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Petitioner is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: April 15, 2019

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

5